381 So.2d 408 (1980)
STATE of Louisiana
v.
Johnny G. McINTYRE.
No. 65439.
Supreme Court of Louisiana.
February 15, 1980.
Rehearing Denied April 7, 1980.
*409 Wellborn Jack, Jr., Jack & Jack, Shreveport, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Henry N. Brown, Jr., Dist. Atty., James M. Johnson, First Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
The defendant was indicted for aggravated rape and subsequently convicted. On appeal from that conviction this court reversed because of the trial court's error in refusing a defense challenge for cause of a prospective juror who was a former police captain. State v. McIntyre, 365 So.2d 1348 (La.1978). Defendant was retried, again found guilty, and sentenced to life at hard labor without benefit of probation, parole or suspension of sentence. Defendant now appeals from that conviction, urging eight assignments of error, four of which have been abandoned.
Assignment of Error No. 1
The defendant contends that the trial court erred in denying his challenges for cause of four prospective jurors. The defendant exhausted his peremptory challenged before completion of the petit jury panel, and is therefore able to complain of the court's action in refusing his challenges for cause. C.Cr.P. 800.
C.Cr.P. 797 provides in part:
"The state or the defendant may challenge a juror for cause on the ground that:
. . . . .
(2) The juror is not impartial, whatever the cause of his partiality. An opinion or impression as to the guilt or innocence of the defendant shall not of itself be sufficient ground of challenge to a juror, if he declares, and the court is satisfied, that he can render an impartial verdict according to the law and the evidence;
(3) The relationship, whether by blood, marriage, employment, friendship, or enmity between the juror and the defendant, the person injured by the offense, the district attorney, or defense counsel, is such that it is reasonable to conclude that it would influence the juror in arriving at a verdict; ..."
Defendant argues that under those provisions his challenges to prospective jurors Kimball, Mason, Tyler and Hortman should have been granted.
*410 This court has repeatedly held that the trial court is vested with broad discretion in ruling on challenges for cause and that the trial court's ruling will be reversed only when it appears, upon review of the voir dire as a whole, that the court's exercise of its discretion has been arbitrary or unreasonable, resulting in prejudice to the accused. State v. Dickinson, 370 So.2d 557 (La.1979); State v. Webb, 364 So.2d 984 (La.1978); State v. Drew, 360 So.2d 500 (La.1978). Furthermore, a charge of bias may be removed by the rehabilitation of a prospective juror. See State v. Webb, supra; C.Cr.P. 797. There have been instances, however, in which we have held that, because of the totality of the circumstances, it was unreasonable for the trial court to conclude that a prospective juror could be impartial despite his manifestations that he could. State v. Monroe, 366 So.2d 1345 (La.1978); State v. McIntyre, supra.
The challenges against prospective jurors Kimball, Mason and Tyler were essentially predicated on their prior knowledge of the offense and the defendant's previous conviction. Mrs. Kimball had been called as a prospective juror in the defendant's first trial but had been dismissed peremptorily by the defense. She had read a newspaper account of that trial and believed that the verdict had been guilty. Mr. Mason stated that a fellow employee of his had been on the jury in the first trial and had stated after the trial the he (the fellow employee) thought that the defendant had been proven guilty beyond a reasonable doubt. Mr. Tyler knew that the defendant had been found guilty in the first trial. He had read newspaper accounts of the alleged crime and had discussed it with acquaintances. He had an opinion that the victim had been raped and an impression that the defendant had done it.
Each of the prospective jurors also gave testimony that tended to rebut any inference of bias that might have arisen from the testimony set out above. Mrs. Kimball stated that she had not formed an opinion as to the defendant's guilt or innocence. She testified that she would give the defendant the full benefit of the requirement that the state prove the defendant guilty beyond a reasonable doubt. Mr. Mason stated that the statements of his fellow employee would not influence his decision in this case. He further stated that his decision would be based solely on the facts and the law as given to him by the trial court. Mr. Tyler stated that he would put aside any prior knowledge or discussions he had had about the case in making his decision and indicated that he would presume the defendant innocent and would not vote to convict unless the state had proven him guilty beyond a reasonable doubt.
From a review of the record we cannot conclude that the trial court abused its discretion in denying the defendant's challenges for cause against these jurors. The circumstances do not indicate that the jurors could not be fair and impartial. The facts brought out by the defendant are not so strong as to cause us to overturn the trial court's exercise of its broad discretion in this area.
The defendant's challenge against prospective juror Hortman was based on her relationship to the prosecuting attorney. She stated that she did not know him on a personal basis but that she knew who he was. She had had dealings with his senior law partner and she assumed that the senior partner would not practice with someone unless he was (in the words of defense counsel) a "pretty fine man." She was also acquainted with a number of state witnesses.
We have held that the mere fact that a juror is related to a participant in the case does not disqualify the juror from service. The party challenging the juror must also show that the relationship would influence the juror in arriving at a verdict. State v. Gray, 351 So.2d 448 (La.1977); State v. Jones, 345 So.2d 1157 (La.1977). In the instant case, the defendant fails to show how the rather tenuous relationship that the juror had with the prosecuting attorney could have influenced her decision in arriving at a verdict. The juror stated that she would be able to weigh the evidence and *411 arrive at an impartial verdict. We cannot say that the trial court abused its discretion in finding that it was not reasonable to conclude that the juror's relation with the prosecuting attorney would have influenced her in making her decision as to guilt or innocence.
This assignment of error lacks merit.
Assignment of Error No. 3
At the trial the coroner of Webster Parish, Dr. S. W. Pittman, testified as to the statements made to him by the victim of the crime. The trial court overruled the defendant's objection to the testimony on the ground that the victim's statements were part of the res gestae and hence admissible under an exception to the hearsay rule. The defendant assigns error to the trial court's action.
R.S. 15:447 provides:
"Res gestae are events speaking for themselves under the immediate pressure of the occurrence, through the instructive, impulsive and spontaneous words and acts of the participants, and not the words of the participants when narrating the events. What forms any part of the res gestae is always admissible in evidence."
R.S. 15:448 provides:
"To constitute res gestae the circumstances and declarations must be necessary incidents of the criminal act, or immediate concomitants of it, or form in conjunction with it one continuous transaction."
The defendant argues (and the state does not contest the point) that the statements were made several hours after the crime had occurred. It does not appear from the record that the statements were made under the immediate pressure of the crime, nor were the statements necessary incidents of the crime, or immediate concomitants of it, or a part of one continuous transaction involving the crime. Cf. State v. Drew, supra. Therefore, the statements were not a part of the res gestae and were not properly admitted in evidence.
Nor was the statement admissible under the exception to the hearsay rule, long followed by this court, that allows the admission of early complaints of rape victims. See State v. Hatcher, 372 So.2d 1024 (La.1979); State v. McCloud, 357 So.2d 1132 (La.1978); State v. Elzie, 351 So.2d 1174 (La.1977). The record indicates that the victim's statements to Dr. Pittman were made a considerable time after the rape occurred, after the victim had spent an undetermined amount of time in the Bossier City, Shreveport and Minden police facilities. She had reported the rape to the police in those cities before talking to Dr. Pittman. Therefore, the victim's statements to Dr. Pittman were not spontaneous declarations made under the pressure of the rape. Cf. State v. Hatcher, supra; State v. Elzie, supra.
We have held, however, that even if testimony is inadmissible hearsay, if it is merely cumulative or corroborative of other testimony adduced at trial, then the admission of the hearsay is harmless. State v. Vaughn, 378 So.2d 905 (La.1979); State v. Ford, 336 So.2d 817 (La.1976). In the present case the testimony of Dr. Pittman was entirely consistent with that given by the victim and served merely to corroborate that testimony. It was harmless error for the trial court to admit the testimony.
This assignment of error lacks merit.
Assignment of Error No. 5
As the defendant relates the facts, the trial court instructed the jury, in reference to evidence as to flight, that: "You must decide whether such flight was due to consciousness of guilt or for other reasons unrelated to whether or not he was guilty." The instruction is not in the record. The defendant does not deny that evidence of flight is admissible in criminal cases. See State v. Davies, 350 So.2d 586 (La.1977). He argues, however, that the trial court's remarks amounted to an improper comment on the evidence in that the court instructed the jury that they must make some inference from any evidence of flight that might be introduced. The defendant argues that it is for the jury to decide if any inference at all is to be drawn from the evidence.
*412 We find nothing improper in the court's purported remarks. The court was merely reminding the jurors of their duty to review all of the evidence presented and to draw therefrom whatever inference that they thought proper. The court did not force the jurors to choose between two inferences but merely stated that a jury must either consider that evidence introduced is probative of the defendant's guilt or that it is not.
This assignment lacks merit.
Assignment of Error No. 7
By this assignment of error the defendant urges the unconstitutionality of the non-unanimous verdict in criminal cases. He argues basically that a non-unanimous verdict system dilutes the standard that a defendant must be proven guilty beyond a reasonable doubt.
The less than unanimous verdict has been upheld by the United States Supreme Court and by this court. Johnson v. Louisiana, 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972); State v. Hodges, 349 So.2d 250 (La.1977); State v. Ledet, 337 So.2d 1126 (La.1976).
This assignment of error is without merit.
For the reasons assigned, the conviction and sentence are affirmed.
DENNIS, J., dissents with reasons.
DENNIS, Justice, dissenting.
I respectfully dissent.
Although I agree that the trial judge has great discretion in deciding whether to allow challenges for cause, I think it unlikely that a prospective juror, his protests to the contrary notwithstanding, can be impartial after: (1) having read a newspaper account of defendant's first trial and agreed with the guilty verdict after being peremptorily challenged by defendant, or (2) having discussed the case with a fellow employee who was a member of the jury in defendant's first trial and convinced of his guilt.