439 So.2d 618 (1983)
STATE of Louisiana
v.
Alton STOVALL.
No. 83 KA 0181.
Court of Appeal of Louisiana, First Circuit.
October 11, 1983.
Ossie Brown, Dist. Atty., Baton Rouge, for plaintiff-appellee.
David Price, Asst. Public Defender, Baton Rouge, for defendant-appellant.
Before COVINGTON, COLE and SAVOIE, JJ.
*619 COVINGTON, Judge.
Defendant, Alton Stovall, was charged by grand jury indictment with two counts of aggravated rape in violation of LSA-R.S. 14:42. Upon trial by jury, he was found guilty on count 1 and guilty of attempted aggravated rape on count 2. On count 1 the defendant was sentenced to life imprisonment without benefit of probation, parole or suspension of sentence. On count 2 the defendant was sentenced to thirty years imprisonment.[1] From his conviction and sentence, Stovall has appealed, relying on two assignments of error.[2]
The basic thrust of Stovall's appeal is that certain errors were committed in the court below which prejudiced the defendant's right to a fair trial.
A very careful reading of the entire record convinces this Court that there was sufficient evidence upon which the jury could base its findings that the defendant was guilty on count 1 of aggravated rape and on count 2 of attempted aggravated rape, beyond a reasonable doubt. The record shows no prejudice or unfairness in the trial in the court below. We conclude that he got a fair trial.

FACTS
On February 8, 1982, two young girls, Helen Brown (age 14) and Stormy Kettle (age 12) skipped school and later that afternoon made plans to run away. After they were warned that the juvenile officers were approaching, the girls ran into a wooded area off Ardenwood Street in Baton Rouge and proceeded down a canal near the woods. They then jumped over a fence, on which one of the girls tore her clothing and scratched her leg. After this happened, they went to a building to ask permission to use the restroom facilities. When the girls left the restroom, they moved on to sit in the sun. They then saw a hose to the right side of the building and went back to get permission to clean themselves off with it. After cleaning themselves, the girls went back to the driveway to sit in the sun and dry their clothes. A few minutes later, the girls returned to the building to go to the restroom again. While they were in the restroom, Stovall entered the room and told the girls to take their clothes off, which they refused to do. He left the room, and the girls started to leave, but Stovall immediately returned with a carpenter's knife. Defendant threatened them with the knife and forced the girls to undress. He then raped Brown and attempted to rape Kettle. He told them not to tell anyone about the incident and left the premises. The girls ran to a friend's house where they reported the attack. The police were called, and the girls, accompanied by a detective, searched the area to try to find their assailant. Defendant was finally located at his father's home and was arrested.

ASSIGNMENT OF ERROR NUMBER 1
This assignment of error urges that the trial judge erred in failing to sustain defense counsel's challenge for cause to a prospective juror, Ruth B. Sickel.
During voir dire, Ms. Sickel stated that she had a friend in another state who had been raped several years ago. Her testimony on this point is, as follows:
Q. Okay. On this bottom row of these six; do any of you have any friends or relatives who have been the victim of a sexual offense? Yes, Ma'am?
A. (Sickel) I had a friend several years ago that was raped.
Q. And that was several years ago?
A. (Sickel) Yes, sir.
Q. All right. Again, the same type of, uh, situation arises here. In this instance you may have some outoutside factors which might tend to influence *620 you in court. But the judge will tell you that you're to put all that aside and decide on what you hear in court. Can you do that in this case?
A. (Sickel) I think that would be difficult, I really do.
Q. You think that would be difficult?
A. (Sickel) Yes.
Q. Because of your knowledge about this past incident?
A. (Sickel) Yes.
Q. Okay. You understand the two are completely unrelated?
A. (Sickel) I understand.
Q. But it would be difficult to put out of your mind?
A. (Sickel) I (unintelligible) think so.
Q. Are you saying you might hold that against Mr. Stovall?
A. (Sickel) Uh, I don't know if I could come to a good disposition, I might transfer
Q. You might not have an open mind?
A. (Sickel) That's right
Q. Okay. We appreciate your honesty, we're just trying to find out everybody's feelings on this
A. (Sickel) Um-hum.
Based on Ms. Sickel's statements, she was challenged for cause by the defense counsel. The prosecutor and the trial judge then attempted to rehabilitate her.
BY MR. ROY (prosecutor):
Q. Uh, Ms. Sickel, of course, we've all had experiences and we can't block them out and start clean. Uh, could you, if accepted as a juror in this case, base your decision onon the evidence that you hear here in this courtroom and on the law as given you by the court?
A. (Sickel) I think I could but I still in the back of my mind would be
Q. Well, I understand that, you can't obliterate that, uh, but do you feel that you couldII'm sure if you didn't think the state proved their case you wouldn't use what's back of your mind to find this fellow guilty, I don't think you'd do that, would you?
A. (Sickel) No, I would not.
Q. Would you require the state to prove it to your satisfaction?
A. (Sickel) Yes, sir, I would.
MR. ROY: I don't have any further questions.
THE COURT: Well, what'swhat's the problem, Ms. Sickel, I understand how long ago was this incident?
A. (Sickel) About three years ago, in Oklahoma City.
THE COURT: You were living here then?
A. (Sickel) No, sir, I was living in Oklahoma City.
THE COURT: Question is can you be impartial and open-minded about this matter which you've already told me you know nothing about?
A. (Sickel) I think I could, but I wanted to be honest with you.
THE COURT: Well, yes, I understand that. Mr. Price, you have anything further?
MR. PRICE: No, sir, that's all.
THE COURT: All right. I'm going to deny the challenge for cause, I feel Ms. Sickel can be a fair and impartial, open-minded juror despite the incident that she called to our attention.
This juror, as indicated, after being further examined by the state and the court, assured the court that she could serve as an impartial juror, and apply the applicable law and give the defendant a fair trial.
Our Supreme Court has repeatedly dismissed a defense argument that his challenge for cause to a prospective juror should have been sustained, by observing that the juror, when questioned further by the state or the court demonstrated a willingness and ability to impartially decide the case according to the law and the evidence presented in court.
As stated by the Supreme Court in State v. McIntyre, 381 So.2d 408, 410 (La.1980):

*621 This court has repeatedly held that the trial court is vested with broad discretion in ruling on challenges for cause and that the trial court's ruling will be reversed only when it appears, upon review of the voir dire as a whole, that the court's exercise of its discretion has been arbitrary or unreasonable, resulting in prejudice to the accused. State v. Dickinson, 370 So.2d 557 (La.1979); State v. Webb, 364 So.2d 984 (La.1978); State v. Drew, 360 So.2d 500 (La.1978). Furthermore, a charge of bias may be removed by the rehabilitation of a prospective juror. See State v. Webb, supra; C.Cr.P. 797.
From our review of the record, we conclude that the trial judge did not abuse his discretion in denying the defense's challenge for cause against this prospective juror. The circumstances indicate that she could be fair and impartial. The facts brought out by the defense are not strong enough to cause us to hold that the trial court abused its broad discretion in the case at bar.
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER # 3
In this assignment of error, defendant contends that the trial court erred when it refused to grant the defense's request for an admonition to the jury to disregard a remark of the prosecuting attorney made during the closing argument in rebuttal.
This assignment arose when the prosecutor stated in his rebuttal argument to the jury, as follows:

REBUTTAL ARGUMENT
By Mr. Roy:
May it please the court, Ladies and Gentlemen, a few words in rebuttal, I'll try to have some continuity on my response here. I guess the basicbasically handle the rebuttal argument without being repetitious is to tell you what I would categorize opposing counsel's argument as, quote, nitpicking. Uh, he got up here and he, uh, attempted to show you, uh, some slight variations, uh, with variations, uh, with reference to rather inconspicious things like what the girls saw when they got there and how many times they came out and, uh, and what he attempted to show was not consistent with what the employer testified to. The, uh, this crime, as you know, didn't happen in the garage, this crime didn't happen outside of this garage. This crime happened in that bathroom and incidently, you know, he, uh, he told you with aa degree of some confidence that it was physically impossible for those three people to have done what Ms. Brown says was accomplished in that, quotehis words, I think, were six-by-five, bathroom that was consumed with a commode and aand a basin. And he let you know unequivocally and with great apparent honesty and sincerity that there was no physical way that this could have been accomplished. And, you know, I was just sitting there thinking, I'm real gullible, I have to admit that, II'm supportive of people who come to our office and register a complaint, uh, because I've found that ninety-nine point ninety-nine percent are valid. Uh, and I was just sitting there saying to myself, you know, Ralph Roy made another mistake. I was telling you about that frailty of human endeavor. That little bathroom that he has told you is not capable of holding those three people under the circumstances and conditions that Ms. Brown testified to exists today as it did then. He could have beckened (sic) you over there to look at it and he could have showed me the impossibility of Ms. Brown's testimony and what does he do? He gets up here and he tells you how impossible physically it wasI think he's doing a great disservice to his client in not taking youyou members of the jury out there and
MR. PRICE: Judge, I'm going to have to interpose an objection
BY MR. ROY:
and show you
THE COURT: Wait a minute, Mr. Roy.
MR. PRICE: Mr. Roy apparently isis suggesting to the jury that I *622 have to prove something in this case on behalf of the defense, that's not true and I wish an admonishment
MR. ROY: II'm sayingyeah, he should prove what he's saying or he ought to keep his mouth shut.
THE COURT: I overrule the objection.
This argument was made in response to defense counsel's argument that the restroom was so small that it would have been physically impossible for the events to have transpired as related by the prosecuting witness.
The scope of closing argument in Louisiana is governed by LSA-C.Cr.P. art. 774, which provides:
The argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case.
The argument shall not appeal to prejudice.
The state's rebuttal shall be confined to answering the argument of the defendant.
It appears from the record that the state's rebuttal was confined to answering the argument of the defendant; hence, we conclude that the prosecutor's statements fall within the permissible scope of LSA-C. Cr.P. art. 774, State v. Prestridge, 399 So.2d 564 (La.1981).
But even if these statements were not permissible, it is not necessarily reversible error for the prosecutor to have made them. Before an appellate court is permitted to reverse a conviction on the basis of improper argument, it must be convinced that the jury was influenced by the remarks to the extent that the statements contributed to the verdict. State v. Michel, 422 So.2d 1115 (La.1982); State v. Morris, 404 So.2d 1186 (La.1981); State v. Heads, 370 So.2d 564 (La.1979).
In the case at bar the comments of the prosecutor were neither detailed nor extensive. They were made during a clearly permissible rebuttal argument concerning the possibility or impossibility of the alleged crimes having been committed in the place where the state averred they had occurred. There is no suggestion in the comments of the prosecutor that the defendant had the burden of proving his innocence, or that the state did not have to prove all elements of each alleged crime "beyond a reasonable doubt." Under the circumstances of this case, we do not find that the jury was influenced by the statements of the prosecutor in rebuttal or that the comments contributed to the verdict.
Moreover, if the prosecutor's argument may have been objectionable, no prejudice to the defendant has been demonstrated. LSA-C.Cr.P. art. 921; State v. Lee, 340 So.2d 180 (La.1976). This is particularly true since the smallness of the area in which the crimes were allegedly committed was amply demonstrated to the jury. The jury had sufficient evidence for it to determine whether it was possible or impossible for the sexual assaults to have occurred as related by the prosecuting witness, and whether or not the alleged crimes did in fact take place as charged.
There is no merit in this assignment of error.

DECREE
For the reasons assigned, the conviction and sentence of Alton Stovall, defendant, are affirmed at his costs.
AFFIRMED.
NOTES
[1] The sentences are to run consecutively, and are also to run consecutively with a previous sentence for armed robbery.
[2] Defendant also assigned as a third error the lower court's sustaining of the state's objections to character testimony. This assignment was not briefed; we consider it abandoned. Uniform Rules of the Courts of Appeal, Rule 2-12.4. In any event, this assignment is without merit.