461 So.2d 1263 (1984)
STATE of Louisiana
v.
Lester DUFRENE and Michelle Dufrene.
No. KA 84 0520.
Court of Appeal of Louisiana, First Circuit.
December 28, 1984.
*1265 Richard A. Swatz and Margaret A. Coon, Asst. Dist. Attys., Covington, for appellee.
David J. Knight, Covington, for appellants.
Before GROVER L. COVINGTON, C.J., and LOTTINGER and JOHN S. COVINGTON[*], JJ.
GROVER L. COVINGTON, Chief Judge.
Defendants, Lester and Michelle Dufrene, were charged by indictment with cruelty to a juvenile, a violation of La.R.S. 14:93. Defendants pled not guilty and, after a trial by jury, were found guilty. The trial judge sentenced each defendant to serve five years at hard labor and to pay a fine in the amount of $750.00. Defendants *1266 appeal their convictions and sentences, assigning eleven errors.
On Friday, July 16, 1982, defendants left their four month old daughter, Denise, in the care of Mrs. Dufrene's mother, step-father, and sister. On Sunday, July 18, 1982, between 1:00 and 2:00 p.m., Dufrene picked up the child and brought her back to their trailer. During the afternoon, Mr. and Mrs. Lester O'Brien, friends of the Dufrenes, and their infant daughter visited with defendants. The O'Briens left at approximately 6:00 p.m. At 7:20 p.m., that same evening, defendants took Denise to the emergency room at Slidell Memorial Hospital. At the emergency room, Denise was examined by her pediatrician, Dr. Harri Ann Watson.
Dr. Watson testified that in examining the child she found a large hematoma on the left side of the child's head. X-rays revealed a fracture of the right femur, which according to Dr. Watson was approximately one week old. In addition, the child had a loose tooth and multiple bruises of varying age and severity over her entire body, including her neck. In concluding her testimony, Dr. Watson was of the opinion that beyond any doubt Denise was a victim of child abuse.
Mrs. Dufrene's step-father, Kenneth Comeaux, testified that Denise spent the weekend with him and his wife. He stated that Friday night when the child arrived at his home she had several bruises on her body. He was then shown photographs of Denise that had been taken at the hospital and depicted the hematoma on her head. Comeaux testified that the child did not have the head injury when she left his house that Sunday afternoon.
Deanna Comeaux, Michelle Dufrene's sister, testified that she noticed bruises on the child from time to time. Ms. Comeaux stated that each time this occurred defendants would explain the bruises by saying that the child had fallen, or rolled over a rattle, or rubbed her face on a sheet. On one occasion, when the infant had a bloody nose, Lester Dufrene told Deanna that he had put on brakes and the child had fallen forward (sustaining the injury).
Mrs. O'Brien testified that she, her husband and their daughter visited defendants Sunday, July 18th from 4:30 to 6:00 p.m. During that time, Denise was awake and Mrs. O'Brien played with her. Mrs. O'Brien testified that the baby did not have a bruise on her head or bruises on her neck.
The defendants each gave a different version of how the child became battered and bruised. The jury accepted the evidence presented by the state as showing that the defendants had intentionally battered the infant over a considerable period of time, causing unjustifiable pain and suffering.

ASSIGNMENT OF ERROR NUMBER 1:
In this assignment of error, defendants argue that the trial judge erred in excusing juror Kevin L. Bourda for cause.
On voir dire examination, Bourda stated that he and defendant Lester Dufrene had attended school together and that they were "pretty good friends." In response to a series of questions, Bourda stated that it would be "pretty difficult" for him to be impartial, that his past association with Dufrene would color his decision, and that, if Dufrene testified, he would tend to believe him "because I know him." Upon motion of the state, the trial judge excused Bourda for cause.
The state or the defendant may challenge a juror for cause on the ground that the relationship, whether by blood, marriage, employment, friendship, or enmity between the juror and the defendant is such that it is reasonable to conclude that it would influence the juror in arriving at a verdict. La.C.Cr.P. art. 797(3).
A trial judge is vested with broad discretion in ruling on a challenge for cause and his ruling will not be disturbed on appeal absent a showing of abuse of that discretion. State v. Sugar, 408 So.2d 1329 (La.1982).
*1267 Based on the answers given by Bourda, the trial judge found that Bourda's prior relationship with Dufrene would prevent Bourda from being a fair and impartial juror. State v. Albert, 381 So.2d 424 (La.1980). A review of the voir dire examination convinces us that the trial judge did not abuse his discretion in excusing Bourda.
In any event, the record indicates that the state did not exercise all of its peremptory challenges. Therefore, even if the trial judge's ruling on this challenge for cause were erroneous, it did not have the effect of granting the state more peremptory challenges than entitled by law. La.C. Cr.P. art. 800; State v. Jones, 408 So.2d 1285 (La.1982).
We find no merit in this assignment of error.

ASSIGNMENT OF ERROR NUMBER 2:
Defendants argue that the trial judge erred in failing to excuse prospective juror Carmen A. Quirk for cause.
In reviewing Quirk's examination on voir dire, we note that she originally expressed some difficulty in applying the legal principle of presumption of innocence. The following exchange occurred between defense counsel and Mrs. Quirk:
Q. Would you conclude that they must be guilty of something because of the sole fact that they were arrested?
A. Something, yes.
Q. You would conclude that they were guilty of something solely because they were arrested?
A. I think so.
The trial judge then questioned Mrs. Quirk as follows:
BY THE COURT: The court is going to ask Mrs. Quirk some more questions. Mrs. Quirk, can you separate in your mind the concept of the state proving someone guilty beyond a reasonable doubt and the concept that the law enforcement people may or may not have probable cause just to make an arrest. In other words, a police officer may come in here right now and arrest you. He may have probable cause to arrest you and he may not have probable cause to arrest you. It doesn't matter. In either event, if you were to be put to trial for that crime, for whatever you were arrested, it would be incumbent upon the state to prove you guilty beyond a reasonable doubt, and until the state proves you guilty beyond a reasonable doubt, you are innocent.
A. I understand.
BY THE COURT: Now can you separate those two concepts and can you accept the proposition as a matter of law if the state does not prove each and every element of the crime beyond a reasonable doubt, and the burden is much greater than proving probable cause, and if they don't meet that burden of proof, it is the duty of the jury to acquit the defendants, or the defendant, as the case may be. Can you accept that and could you apply that standard according to the instructions that I give you at the conclusion of the trial?
A. Yes, I think I can.
BY THE COURT: And are you telling me simply because a person was arrested you could still do that and that would not influence you to find guilt beyond a reasonable doubt, that you could listen to the witnesses from the witness chair and make a fair and impartial determination as to that person's guilt?
A. From all the testimony?
BY THE COURT: From all the testimony, yes ma'am.
A. Surely I could. (Emphasis added).
The trial court is vested with broad discretion in ruling on challenges for cause and the trial court's ruling will be reversed only when it appears, upon review of the voir dire as a whole, that the court's exercise of its discretion has been arbitrary or unreasonable, resulting in prejudice to the accused. State v. McIntyre, 381 So.2d 408 (La.1980); State v. Stovall, 439 So.2d 618 (La.App. 1st Cir.1983). Furthermore, a charge of bias may be removed by the rehabilitation of a prospective juror. State v. Webb, 364 So.2d 984 (La.1978).
*1268 After carefully examining the record, we cannot say that the trial judge abused his discretion in believing that Mrs. Quirk could render an impartial and fair verdict according to the law and the evidence. State v. Stevenson, 447 So.2d 1125 (La.App. 1st Cir.1984).
We find no merit in this assignment of error.

ASSIGNMENT OF ERROR NUMBER 3:
Defendants contend that the trial court erred in denying defendants' motion for a recess based on the absence of a witness.
Trial commenced on October 10, 1983. On the morning of October 11, 1983, prior to the opening statements being presented by the state and defendants, defendants requested a recess in order to secure the presence of a witness, Helen Comeaux, the mother of Mrs. Dufrene. Defendants argued that the child had been in the care and custody of Mrs. Comeaux for two and a half days immediately preceding her visit to the hospital and therefore, Mrs. Comeaux's testimony was important. In addition, defendants argued that Mrs. Comeaux's testimony would be material in determining how Mrs. Dufrene had treated and raised her baby in general. The trial judge denied defendants' motion for a recess, noting that defendants had failed to subpoena the witness prior to trial.
A motion for recess is evaluated by the same standards as a motion for continuance. State v. White, 389 So.2d 1300 (La.1980). To be entitled to a continuance to secure the presence of a witness, a defendant must state facts to which the absent witness is expected to testify, showing the materiality of the testimony and the necessity for the presence of the witness at trial; facts and circumstances showing a probability that the witness will be available at the time to which trial is deferred; and, facts showing due diligence used in an effort to procure attendance of the witness. La.C.Cr.P. art. 709.
In the instant case, defendants' failure to request a subpoena until after the jury has been selected reflects a lack of due diligence in their efforts to secure the attendance of Mrs. Comeaux at trial. In addition, defendants did not state with sufficient particularity the facts to which Mrs. Comeaux was expected to testify.
We find no merit in this assignment of error.

ASSIGNMENT OF ERROR NUMBER 4:
Defendants argue that the trial court erred in allowing the state to introduce ten photographs of the child victim during the re-direct examination of Detective Emily Holden.
On direct examination, Detective Holden testified that numerous photographs were taken of the child the night she was brought into the hospital. She then testified as to the physical condition of the child. During this time, she identified three photographs which were then introduced into evidence. On cross examination, she was asked about the remainder of the photographs that had been taken. She stated that they were being reprinted and were to have been in court at 9:30 that morning. Defense counsel then questioned her concerning the description and placement of bruises on the child's body. On re-direct examination, Detective Holden identified ten photographs that had been taken on the night the child was brought to the hospital and that depicted bruises about which Detective Holden had previously testified in detail. The photographs were then admitted into evidence over defense counsel's objection.
On both direct and cross examination, the witness testified as to the existence of the photographs and as to the victim's numerous bruises. A review of the record reveals that nothing new came before the jury when the state introduced the photographs on re-direct. State v. Williams, 341 So.2d 370 (La.1976).

ASSIGNMENT OF ERROR NUMBER 5:
Defendants contend that the trial court erred in refusing to order that the child be brought to court. Initially, defendants requested and were granted an instanter subpoena. The record reflects that the sheriff *1269 was unable to serve the subpoena. Defendants then requested that the trial judge order the child be brought into court, not in order for the child to testify, but rather for the jury to "see and view the alleged victim in this case." The trial judge denied defendants' request.
The right of a person charged with a criminal offense to have compulsory process for obtaining witnesses in his favor is embodied both in the federal and state constitutions as well as in the statutory law of this state. U.S. Const. Amendment 6; La. Const. art. 1, sec. 16; La.C.Cr.P. art. 731. The right to compulsory process is the right to demand subpoenas for witnesses and the right to have those subpoenas served. State v. Latin, 412 So.2d 1357 (La.1982).
In the instant case, defendants were not attempting to have the child brought into the court for testimonial purposes pursuant to the right of compulsory process. Defendants were rather seeking to use the child for demonstrative or evidentiary purposes. A trial judge's ruling as to the relevancy of evidence should not be disturbed absent a showing of clear abuse of discretion. See State v. Joseph, 407 So.2d 712 (La.1981). Based on this, we find no error in the ruling of the trial judge.
This assignment of error has no merit.

ASSIGNMENT OF ERROR NUMBER 6:
In this assignment of error, defendants contend that the trial court erred in qualifying Dr. Harri Watson as an expert and in allowing her to state an opinion as to whether the child's injury were the result of abuse.
The test of the competency of an expert is her knowledge of the subject about which she is called upon to express an opinion, and before any witness can give evidence as an expert her competency so to testify must have been established to the satisfaction of the court. La.R.S. 15:466. Competency of an expert witness is a question of fact within the sound discretion of the trial court, and its ruling will not be disturbed unless clearly wrong. State v. Sherer, 411 So.2d 1050 (La.1982). At the time of trial, Dr. Watson had been a practicing pediatrician for five years. During her pediatric training she saw several hundred abused children. Since that time, she has participated in several continuing education programs in the area of child abuse. In addition, she has previously testified as an expert. In light of her education and practical experience, we find that the trial judge did not abuse his discretion ruling her qualified as an expert.
Defendants also argue in this assignment of error that the trial judge erred in allowing Dr. Watson to state her opinion as to whether the child was the victim of child abuse.
The general rule is that lay witnesses can testify only as to facts within their personal knowledge. La.R.S. 15:463. However, on questions involving a knowledge obtained only by means of a special training or experience the opinions of persons having such special knowledge are admissible as expert testimony. La.R.S. 15:464. Each expert witness must state the facts upon which his opinion is based. La.R.S. 15:465.
Dr. Watson testified that in her opinion the injuries sustained by the child were the result of abuse. She based her opinion on the type of injury and the age of the child. There was no error in allowing Dr. Watson to give her opinion during her testimony.
We find no merit in this assignment of error.

ASSIGNMENT OF ERROR NUMBER 7:
In this assignment of error, defendants argue that the trial judge erred in not allowing the defense to re-cross examine Dr. Watson.
On direct and cross examination, Dr. Watson testified as to the condition of the child when she was first brought to the hospital. In addition, she testified as to the explanations given by defendants for the child's injuries. She stated that defendants *1270 explanations were not consistent with the child's injuries. In response to questions by the state on re-direct examination, Dr. Watson expressed the opinion that there was no doubt in her mind that the child was the victim of child abuse. Defendants then requested the opportunity to re-cross examine Dr. Watson on her opinion that the injuries sustained by the child were a result of child abuse. The trial judge denied defendants' request.
All of the questions posed by the state on re-direct examination concerned matters brought out previously on direct and cross examination. Refusal to permit re-cross examination under these circumstances was proper. State v. Milby, 345 So.2d 18 (La.1977).
We find no merit in this assignment of error.

ASSIGNMENT OF ERROR NUMBER 8:
In this assignment of error, defendants contend that the trial judge erred in refusing to admit into evidence recent photographs of the victim.
To be admissible in a criminal proceeding, evidence must be relevant to a material issue. La.R.S. 15:435. Relevant evidence is that tending to show the commission of the offense and the intent, or tending to negative the commission of the offense and the intent. La.R.S. 15:441. The trial judge is vested with wide discretion in determining the relevancy of evidence, and his ruling will not be disturbed on appeal in the absence of a clear showing of abuse of discretion. State v. Miles, 402 So.2d 644 (La.1981).
In the case at bar, the injuries to the child occurred when she was four months old. Defendants sought to introduce photographs of the child which had been taken at her first birthday party. Such photographs were not relevant. We find no abuse of discretion on the part of the trial judge.
There is no merit in this assignment of error.

ASSIGNMENT OF ERROR NUMBER 9:
Defendants contend that the trial judge erred in allowing the district attorney to argue outside the scope of the evidence.
On appeal, defendants have set forth several instances in which they allege that the district attorney argued outside the scope of the evidence. However, a review of the record reveals that no objections were made to the district attorney's remarks during argument.[1]
The issue as to propriety of closing argument remarks is not preserved for review where defense counsel makes no objection to the statement either during argument or after the argument. State v. Craddock, 435 So.2d 1110 (La.App. 1st Cir.1983).
This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER 10:
Defendants contend that the trial court erred in denying their motion for a post verdict judgment of acquittal.[2] Specifically, defendants argue that cruelty to a juvenile was not proved beyond a reasonable doubt and to the exclusion of every reasonable hypothesis of innocence.
*1271 The standard of review for sufficiency of evidence to support a conviction is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the state proved the essential elements of the crime beyond a reasonable doubt. La. C.Cr.P. art. 821; State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983). La.R.S. 15:438 establishes the rule of circumstantial evidence: "assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence." Exclusion of every reasonable hypothesis of innocence is therefore a component of the more comprehensive reasonable doubt standard, where circumstantial evidence is used to convict. State v. Nealy, 450 So.2d 634 (La.1984).
In brief, defendants argue that a reasonable hypothesis of innocence exists for the child's injuries. Defendants contend that the broken leg could have occurred when the child caught her leg in the rungs of her baby bed and that the cut on the inner lip resulted when the baby dropped her head onto someone's shoulder thus forcing her lip against her teeth. In addition, defendants contend that the various bruises were caused by the child rolling over a rattle or other toy in her baby bed. At trial, Dufrene stated that the large bruise on the side of the child's head may have resulted when the child rolled over and bumped into a coffee table leg.
Our review of the record reveals that a jury could have reasonably concluded, to the exclusion of every reasonable hypothesis of innocence, that defendants were guilty of cruelty to a juvenile. The victim in this case was only four months old. She was able to turn from her back to her stomach and from stomach to her back. However, she could not sit unaided, nor could she crawl. The jury properly rejected defendants premise that this young child, who had not developed sufficiently to be mobile, had caused all of her own injuries. In light of the age of the child, her lack of physical development, the excessive number of injuries and the severity of the injuries the jury was justified in rejecting defendants' theories as to the origin of the child's injuries and finding defendants guilty.

ASSIGNMENT OF ERROR NUMBER 11:
In this assignment of error, defendants contend that the trial judge failed to comply with the sentencing criteria set forth in La.C.Cr.P. art. 894.1. Defendants also contend that the trial judge imposed excessive sentence.
The Code of Criminal Procedure sets forth the items which must be considered by the trial judge before passing sentence. La.C.Cr.P. art. 894.1. The judge need not recite the entire checklist of 894.1, but the record must reflect that the judge adequately considered the guidelines. State v. Davis, 448 So.2d 645 (La.1984).
In sentencing defendants, the trial judge stated that he had considered the evidence adduced at trial and the pre-sentence investigation report. He found that defendants had, without any provocation, caused serious harm to the victim, a small helpless child. He also found the conduct of defendants was the result of circumstances likely to recur, and therefore there was an undue risk that defendants would commit another crime upon their child. He further stated that any lesser sentence would deprecate the seriousness of the crime. We find the record shows that the trial judge stated sufficient reasons to comply with the statutory criteria set forth in La.C. Cr.P. art. 894.1.
A majority of the Louisiana Supreme Court has held that Article I, Section 20 of the Louisiana Constitution of 1974 prohibits the imposition by law of excessive punishment and that, although a sentence may be within statutory limits, it may violate a defendant's constitutional right against excessive punishment and is subject to appellate review. State v. Sepulvado, 367 So.2d 762 (La.1979). The trial judge is given wide discretion in the imposition of sentences within statutory limits, *1272 and the sentence imposed should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Prados, 404 So.2d 925 (La.1981).
The authorized sentence for cruelty to juveniles is a fine of not more than $1,000.00 or imprisonment for not more than ten years, with or without hard labor, or both. In the present case, each defendant was sentenced to five years at hard labor (one-half the maximum) and a $750.00 fine.
Our review of the record leads us to conclude that the sentence imposed on defendants was not excessive. The trial judge notes, as follows: "The court having considered the presentence investigation report, the findings and recommendations made therein, the evidence adduced at the trial, the court makes the following findings and conclusions as directed by Article 894.1 of the Louisiana Code of Criminal Procedure. The defendants' conduct caused serious harm to the victim, a small helpless child, which could have resulted in death or permanent disability to the child. The defendants should have recognized their conduct would have caused serious harm. There is no evidence the defendants acted under any provocation. There is no evidence to justify or excuse either of the defendants' conduct. The victim, a small child, was innocent and helpless and could in no way provoke, produce or facilitate the commission of this heinous crime. There is no way that the victim could be compensated for this crime. Each of the defendants has personalities made up of factors counterproductive to those of law-abiding citizens. The conduct of the defendants was the result of circumstances likely to recur. The defendants' character and attitudes are indicative that similar conduct may recur in the future. The defendants are unlikely to respond affirmatively to probationary treatment. The court also finds that imprisonment would not entail excessive hardship to the defendants, to each other, or to their dependents. This heinous crime was committed against a young child, four months of age, who suffered a fractured femur, an extremely large hematoma of the head, and multiple bruises. Not only throughout the trial, but thereafter, each of the defendants has steadfastly denied their guilt and have never expressed genuine remorse. The defendants apparently have no reservation or have had no reservations about either leaving their child with someone else or leaving the child unattended. The defendants are impulsive and they have in the past inflicted physical violence upon each other. They become easily upset, irritated and aggravated and are susceptible of physical, aggressive and tantrum behavior. They are more concerned with their own well being, satisfaction and gratification than the well being of their child. The defendants deny that they need any psychological help to aid them in controlling their emotions and their self discipline is very poor. Further, they are unable to cope with their frustrations and they have personalities indicative of underlying anger and hostility that provokes or reflects volatile conduct, especially faced with their frustrations. Accordingly, the court finds that there is an undue risk of these defendants committing another crime either upon their child or upon their child that they now expect during any period of suspended sentence or probation. The defendants are in need of correctional treatment and custodial care that they can be provided most effectively by their commitment to an institution. Any lesser sentence than I am about to impose would deprecate the seriousness of the crime that they have committed. Accordingly, the court sentences each defendant to serve a period of five years with hard labor under the direction of the State of Louisiana Department of Corrections, and each defendant to pay a fine of $750.00."
We do not find that the trial judge, under the circumstances, abused his discretion in imposing the above sentence. State v. Freeman, 409 So.2d 581 (La.1982).
We find no merit in this assignment of error.

*1273 DECREE
For the reasons assigned, defendants' convictions and sentences are affirmed.
AFFIRMED.
NOTES
[*] Judge John S. Covington of the 19th Judicial District Court has been duly elected to this Court; that term begins on January 1, 1985. In the interim, the Supreme Court has appointed him to this Court pro tempore.
[1] At one point during closing arguments, the district attorney implied that defendants had slapped and pinched the child. Defense counsel interrupted the district attorney stating:

Your Honor, I don't believe there has been any evidence in this case of the defendants slapping the baby. I just request [the district attorney] keep his argument to the evidence that was shown in the case.
The trial judge then ordered that all statements be confined to the evidence that had been produced.
Even if we were to consider defense counsel's statement an objection, see State v. Michel, 422 So.2d 1115 (La.1982) in which the court stated: "If an objection is sustained, defendant cannot on appeal complain of the alleged error unless at trial he requested and was denied either an admonition to disregard or a mistrial."
[2] After trial, defense counsel moved for a post verdict judgment of acquittal and a new trial. The trial judge denied both motions. In brief, defendant argues both. However, he only assigned denial of the post verdict judgment of acquittal as error.