447 So.2d 495 (1984)
STATE of Louisiana, Plaintiff-Appellee,
v.
Corbie L. WILLIAMS and Helen Bernice Williams, Defendants-Appellants.
No. CR83-389.
Court of Appeal of Louisiana, Third Circuit.
February 1, 1984.
Rehearing Granted March 7, 1984.
On Rehearing April 9, 1984.
Writ Denied June 1, 1984.
*498 Daryl Gold, F. Clay Tillman, Jr., Leesville, for defendants-appellants.
William E. Tilley, Dist. Atty., and Edwin L. Cabra, Asst. Dist. Atty., Leesville, for plaintiff-appellee.
Before DOMENGEAUX, DOUCET and LABORDE, JJ.
LABORDE, Judge.
Defendants, Corbie L. Williams, Sr., and Helen Bernice Williams, were charged by bill of information with production, manufacture, and/or cultivation of marijuana, a violation of LSA-R.S. 40:966(A) and (B). Defendants pleaded not guilty and received a joint trial by jury. Helen Bernice Williams was found guilty of possession of marijuana, LSA-R.S. 40:966(D) and was sentenced to serve six months in the parish prison, and to pay a fine of $500.00 plus court costs. Corbie L. Williams, Sr., was found guilty of cultivation of marijuana and was sentenced to serve seven years. Defendants appeal their respective convictions and sentences by raising sixteen assignments of error. We affirm.

FACTS
On July 15, 1982, Sheriff Frank Howard received confidential information that marijuana was being cultivated near the defendants' residence in the Burr Ferry Community, west of Leesville. He ordered the area surrounding the defendants' home placed under surveillance by sheriff's deputies. The deputies observed several patches of marijuana growing in the thick brush behind the defendants' house. The plants were approximately twelve feet tall. Obvious trials led from the marijuana patches back to the defendants' house some 100-300 yards away. These marijuana patches were actually located on land owned by Mr. John Ford. Mr. Ford gave his consent for the land to be searched.
On July 23, Deputy Archie Martin observed Mr. Williams walk to the middle of one of the patches, bend over for a moment, and walk away. The deputies then found fertilizer on the spot where the defendant had been standing.
On July 24, the officers obtained a search warrant for the area surrounding the defendants' residence. At eight o'clock a.m. on July 25, the officers conducted a search of the area around the residence, which revealed the cultivated marijuana plants. The marijuana was then cut from the patches, bundled and inventoried. The officers also found two bags of dry marijuana near a greenhouse on the defendants' property. Subsequent to his arrest, Mr. Williams stated to Deputy Martin (whom he had known for 18 years), "Yes, you old gray-headed devil, you got me this time, but it was good while it lasted." Samples from each bundle of plants were taken by Mr. Francis Touchet of the Southwest Louisiana Crime Lab and were found to be marijuana.

ASSIGNMENTS OF ERROR NOS. 1-6
The defendants assert that the trial court erred in denying the defendants' challenges for cause of jurors Harold Lackey, Harry Anthony Taylor, Margaret Martin Funderburk, Donald Lynn Karamales, and Eugene P. Trahan.
It appears that at the time the defendants objected to denial of these challenges for cause they had not yet exhausted their peremptory challenges. Clearly, a defendant cannot complain of a ruling refusing to sustain a challenge for cause made by him, unless his peremptory challenges have been exhausted before the *499 completion of the panel. LSA-C.Cr.P. art. 800; State v. Sugar, 408 So.2d 1329 (La. 1982). This assignment is therefore without merit.
Defendant further asserts that the trial court erred in refusing challenges for cause of prospective jurors Pat Bordelon and Eugene P. Trahan since they demonstrated a prejudice against drug offenses and drug related offenses.
It is well settled that the trial court is vested with broad discretion in ruling on challenges for cause and that this ruling will not be disturbed absent a showing of abuse of that discretion. State v. Smith, 430 So.2d 31 (La.1983); State v. Sugar, supra; State v. Heard, 408 So.2d 1247 (La.1982). Moreover, a challenge for cause is not warranted where a prospective juror has volunteered an opinion seemingly prejudicial to the defense, but subsequently upon further inquiry has demonstrated the ability and willingness to decide the case impartially according to the law and evidence. State v. Eastin, 419 So.2d 933 (La. 1982); State v. Heard, supra; State v. Bates, 397 So.2d 1331 (La.1981).
Despite Mrs. Bordelon's and Mr. Trahan's apprehension that their prejudice against drug offenders might not yield to the law and evidence, they appeared to demonstrate upon further inquiry the ability and willingness to decide the case impartially based upon the law and the evidence. Therefore, these assignments are without merit.

ASSIGNMENTS OF ERROR NOS. 7, 8, 11 AND 15
Defendants argue that the trial court erred in failing to grant a mistrial in the following instances:
On direct examination by the state, Deputy Willard Horton testified:
Q. All right. Let's talk first of all about Mr. Corbie Williams himself, what involvement, if any, did you have that day in the arrest of Mr. Corbie Williams?
A. I advised him he was under arrest for cultivation with the intent to distribute and also I read him his rights at that time.
(Emphasis Added)
On direct examination by the state, Deputy Larry Smith testified:
Q. Now, do you recall from your personal knowledge today, how many actual bundles of plants that you secured in garden number one? Bundles as such?
A. There was twenty-three bundles of twenty-five and seven bundles of fifties from garden one.
Defendants contend that these comments constituted prejudicial reference to other crimes alleged to have been committed by the defendants, and thus that the trial court should have granted a mistrial under LSA-C.Cr.P. art. 770(2). With regard to Smith's comment, the defendants contend that, since the state set forth a lengthy foundation for the seventeen bundles of plants earlier admitted into evidence, reference by the officer to an additional thirteen bundles created in the mind of the jury a clear, if indirect, reference to another crime as to which evidence was inadmissable.
The Supreme Court has recognized that a police officer's unsolicited, unresponsive reference to another crime by the defendant is not the comment of a "court official" under LSA-C.Cr.P. art. 770. Absent a showing of a pattern of unresponsive answers or improper intent by the police or prosecution, such comments would not fall within the purview of LSA-C.Cr.P. art. 771. State v. Green, 409 So.2d 563 (La.1982); State v. Goods, 403 So.2d 1205 (La.1981). Moreover, art. 771 leaves the decision as to whether to grant a mistrial or admonition to the sound discretion of the trial court. State v. Allen, 431 So.2d 808 (La.App. 4th Cir.1983).
In the instant case, these answers do not appear to be solicited by or in response to improper questioning by the prosecutor, nor do they appear to be part of a pattern of unresponsive answers or *500 improper intent by the police or the prosecutor. Thus, the responses do not seem to fall within the purview of LSA-C.Cr.P. art. 770-771. Nevertheless, out of an abundance of caution, the trial court admonished the jury to disregard these responses. There does not appear to be an abuse of discretion in this ruling.
Defendant further contends that a mistrial should have been granted when Deputy Willard Horton testified that Mr. Williams chose to remain silent and not give any statements at the time of arrest.
Defendant cites the case of State v. Montoya, 340 So.2d 557 (La.1976) for the proposition that it is reversible error for the prosecution, during direct examination of a police officer, to elicit testimony regarding the defendant's silence at the time of arrest, since the defendant did not take the stand and may not be impeached by evidence of his silence at the time of his arrest.
In this instance, it does not appear that the prosecutor intended to draw an improper reference to Mr. Williams' silence; instead, the reference appeared to be an inadvertent, unresponsive reference during a description of how the arrest was conducted. Mistrial is a drastic remedy and, absent a showing of substantial prejudice depriving the defendant of a fair trial, it is unwarranted. State v. Allen, supra. There appears to be no abuse of discretion in the trial court's ruling.
During closing arguments the prosecutor stated:
"I'm going to conclude by simply saying this, I'd like to know how many times you have heard someone say or you have said yourself, why don't the police do something about the drug problem in Vernon Parish. I'm going to submit to you that the Sheriff's Office has done their work. They have done it professionally, and they have done it properly. And, I submit to you now, it's your turn. The evidence is there, it's as clear as it can be, and, ..."
Defendant asserts that these comments were beyond the scope of closing argument and constitute reversible error.
It is well settled that LSA-C. Cr.P. art. 774 restricts closing arguments in criminal cases to the evidence, conclusions that may be drawn therefrom, and to applicable law. State v. Messer, 408 So.2d 1354 (La.1982). The prosecutor may not turn closing arguments into a plebiscite on crime. State v. Sugar, supra.
Nonetheless, in order for an improper argument by a prosecutor to constitute reversible error, it must be shown that the remarks influenced the jury and contributed to the verdict. State v. Barrow, 410 So.2d 1070, cert. denied, ___ U.S. ___, 103 S.Ct. 115, 74 L.Ed.2d 101 (1982).
It does not appear that the remarks were so prejudicial as to influence the jury and contribute to the verdict so as to warrant the drastic remedy of a mistrial. Thus, there is no abuse of discretion in the trial court's ruling.
For these reasons, these assignments of error lack merit.

ASSIGNMENTS OF ERROR NOS. 9 AND 10
The defendants assert that the trial court erred in admitting state's exhibit 8-B (one of seventeen bundles of marijuana) in that the exhibit was not properly identified and no foundation for its introduction was ever laid, and in admitting state's exhibits 9 (1 lb. bag of marijuana), 10 (7 lb. bag of marijuana), and 11 (samples from each bundle including exhibit S-8), in that the chain of custody was not sufficiently established.
Further, that exhibit S-8(B) should not have been admitted into evidence since the identification tag was missing, and that exhibits S-9, S-10, and S-11 should not have been admitted since Deputy Martin did not testify as to the chain of custody between the time he received the evidence at the Crime Lab until it was introduced at the trial. However, in view of the plethora *501 of evidence adduced by the state regarding the chain of evidence as to these items, it does not appear that the trial court was unjustified in finding that the evidence produced at trial was, more probably than not, the same as that originally seized by the law enforcement officers. Moreover, any such defect must go to the weight of the evidence rather than to admissibility of the evidence. State v. Sam, 412 So.2d 1082 (La.1982).
These assignments of error lack merit.

ASSIGNMENT OF ERROR NO. 12
The defendant asserts that the trial court erred in admitting two brown bags containing vegetable substances as state's exhibits 9 and 10 respectively into evidence since they are outside the scope of the opening argument.
The state's evidence need not be detailed in the opening statement. State v. Chapman, 410 So.2d 689 (La.1981). Under LSA-C.Cr.P. art. 766, it is sufficient for the state to give a general description of the evidence it plans to introduce. State v. Edwards, 406 So.2d 1331 (La.1981), cert. denied 456 U.S. 945, 102 S.Ct. 2011, 72 L.Ed.2d 467 (1982); State v. Berain, 360 So.2d 822 (La.1978).
In the instant case, there is no indication that the evidence in question was omitted in bad faith from the prosecutor's opening statement, or that the defendant was taken by surprise in the preparation of his defense.
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 14
The defendants called Gary Spurgeon to the stand for the apparent purpose of showing that he had a motive to "set up" the defendants, since one of the defendants' sons had cooperated in an investigation which had resulted in his conviction of a felony. They called Willard Horton to the stand for the apparent purpose of inquiring whether Dewayne Williams (a prisoner in the Sheriff's custody at the time of the trial) had "set up" the defendants in exchange for a lenient plea bargain.
Defendants contend that the trial court erred in failing to accept the evidence of witnesses Willard Horton and Gary Spurgeon, thereby denying the defendants the ability to show a reasonable hypothesis of innocence in a purely circumstantial case.
Horton testified that Dewayne Williams had nothing to do with the case. As for Spurgeon's testimony, while he admitted that he had a motive to "set up" the defendants, since he himself had been convicted of a felony due to the cooperation of the defendants' son, no showing was made during the defendants' proffer that any such scheme existed. Mr. Spurgeon did state, however, that he had nothing to do with growing the marijuana seized from near the defendants' residence.
The trial judge is vested with wide discretion in determining the relevancy of evidence, and this ruling will not be disturbed on appeal absent a showing of a clear abuse of discretion. State v. West, 419 So.2d 868 (La.1982), State v. Kimble, 407 So.2d 693 (La.1981). There appears to be no abuse of the trial court's wide discretion in ruling that the testimony was irrelevant.
This assignment of error lacks merit.

ASSIGNMENTS OF ERROR NOS. 13 AND 16
The defendants finally contend that the trial court erred in admitting state's exhibit number 12 into evidence, a staged photograph whose prejudicial effect outweighed any probative value. They further contend that the trial court erred in failing to fully hear and grant their motion for a change of venue.
It is well established that assignments of error neither briefed nor argued are considered abandoned. State v. Smith, supra; State v. Dewey, 408 So.2d 1255 (La. 1982).
Although the defendant listed assignments of error Nos. 13 and 16, they were *502 neither briefed nor argued and are considered abandoned.
Based on the above and foregoing reasons, the defendants' convictions and sentences are affirmed.
AFFIRMED.

ON REHEARING
PER CURIAM.
Following our judgment affirming defendants' convictions and sentences, defendants filed an application for rehearing. The application contained suggested reasons why the action of this court was erroneous. Specifically, this court inadvertantly failed to properly consider defendants' assignments of error numbers one through four, which place at issue the trial court's ruling regarding challenges for cause of four jurors by defendants.
We granted a rehearing in order to review and further consider our previous disposition of this matter relative to defendants' assignments of error numbers one through four.

FACTS
The defendants, Corbie L. Williams and Helen Bernice Williams, were charged by bill of information with production, manufacture, and/or cultivation of marijuana, a violation of LSA-R.S. 40:966(A) and (B). The defendants pleaded not guilty and, on November 10-12, 1982, were tried by a jury. Helen Bernice Williams was found guilty of possession of marijuana in violation of LSA-R.S. 40:966(D) and was sentenced to serve six months in the parish prison, and to pay a fine of $500 plus court costs. Corbie L. Williams was found guilty of cultivation of marijuana and was sentenced to serve seven years in the custody of the Department of Corrections.
On appeal, we affirmed the convictions and sentences of both defendants on February 1, 1984 in State v. Corbie L. Williams and Helen Bernice Williams, 447 So.2d 495. On March 7, 1984, we granted a rehearing to further consider defendants' assignments of error numbers one through four, which question the trial court's ruling as to challenges for cause by defendants of four jurors.

ASSIGNMENTS OF ERROR NOS. 1, 2 AND 3
By these assignments, the defendants argue that the trial court erred in refusing to find cause to remove jurors Lackey, Taylor and Funderburk from serving on the jury. Defendants argue that there was cause to exclude juror Lackey because he had a son employed as a policeman in a neighboring municipality and to exclude juror Taylor because he was a retired police officer. Defendants further challenged juror Funderburk because she is the sister of an attorney who is a law partner of an assistant district attorney within the jurisdiction of the trial court.
Neither the mere relationship to a law enforcement officer nor the fact that one was formerly a police officer is of itself reason to exclude one from jury service. State v. Smith, 430 So.2d 31 (La. 1983); State v. Heard, 408 So.2d 1247 (La. 1982). An examination of Mr. Lackey's and Mrs. Taylor's responses to questions on voir dire appear to demonstrate that they could act as fair and impartial jurors. Though service on a jury by a former police officer is closely scrutinized, it appears that the trial judge did not abuse his discretion in refusing to challenge Mr. Taylor. When asked whether he thought every policeman should be entitled to be believed simply because he was a policeman, Mr. Taylor responded:
"No sir, a police officer could be mistaken like anybody else." (Tr. p. 237)
The voir dire examination of Mrs. Funderburk also appears to demonstrate that the business relationship of her brother to an assistant district attorney of this jurisdiction would not impair her ability to be a fair and impartial juror.
"Q. Do you think that your brother's relationship with Mr. Skinner would be such that you might be unable *503 to be completely impartial in this case?
A. No sir.
* * * * * *
Q. Do you know anything at all about this case?
A. No sir, I don't.
Q. Have you spoken at all to your brother about serving on the jury or anything of that nature?
A. No sir.
* * * * * *
Q. Do you have any problem with the law that a person is innocent until they are proven guilty?
A. No sir." (Tr. p. 244-245)
It appears from the extensive examination of Mrs. Funderburk that she demonstrated her ability to be a fair and impartial juror. There appears to have been nothing to indicate that she would in any way be influenced by her brother's business association with an assistant district attorney. There appears to be no showing that the trial judge abused his discretion in refusing to challenge Mrs. Funderburk for cause.
A trial judge is vested with broad discretion in ruling on challenges for cause and his ruling will not be disturbed on appeal absent a showing of abuse of that discretion. State v. Sugar, 408 So.2d 1329 (La.1982).
Defendants have failed to show an abuse of the trial court's discretion regarding the rulings on the challenges for cause. These assignments are without merit.

ASSIGNMENT OF ERROR NO. 4
The defendant argues through this assignment that the trial court erred in refusing to challenge Mr. Donald Lynn Karamales for cause. The defendant argues that Mr. Karamales should not have been allowed to serve as a juror because he admitted to having formed a preconceived notion as to the defendants' guilt as a result of a conversation he had with a deputy sheriff involved in the arrest of the defendants.
It is well settled that a charge of bias may be removed by the rehabilitation of a prospective juror. State v. McIntyre, 381 So.2d 408, (La.1980), cert. denied, 449 U.S. 871, 101 S.Ct. 209, 66 L.Ed.2d 90 (1980); State v. Chapman, 410 So.2d 689 (La.1981). In State v. Chapman, supra, the prospective juror readily admitted that he had read about the case in the newspapers and had formed an opinion as to the defendant's guilt. That juror even remarked that "there would be some difficulty in his serving as an impartial juror". In Chapman, the court stated:
"[H]owever, when the court questioned him further concerning his ability to decide the case based only upon the evidence presented in the courtroom, the juror stated that he would be able to do that. Under cross-examination by the defense counsel, he firmly stated that if, at the close of the evidence, he was not certain whether the defendant was in fact guilty, he would vote to acquit."
The court, in Chapman, thus refused to challenge that juror for cause. From the testimony on voir dire, it appears, in the instant case, that Mr. Karamales had already forgotten about the defendants and that the conversation with the deputy would in no way impair his ability to be a fair and impartial juror. In response to several repeated questions, Mr. Karamales indicated that he did not, at the time of voir dire, have a preconceived opinion as to the innocence or guilt of defendants. In any event, any indication of bias was removed by the various questions and answers which served to rehabilitate Mr. Karamales as a juror. A change of bias may be removed by the rehabilitation of a prospective juror. State v. Webb, 364 So.2d 984 (La.1978); LSA-C.Cr.P. art. 797. In this instance, we find no abuse of discretion in the trial court's ruling which denied defendants' challenge for cause of juror Karamales.
For these reasons, this assignment is without merit.
*504 Accordingly, for reasons stated in our previous judgment and the reasons herein, defendants' convictions and sentences are affirmed.
AFFIRMED.