452 So.2d 1302 (1984)
STATE of Louisiana, Plaintiff-Appellee,
v.
Arthur Dwayne JOHNSON aka Arthur Hogan, Defendant-Appellant.
No. CR 83-974.
Court of Appeal of Louisiana, Third Circuit.
June 27, 1984.
*1303 Charles Soileau, Soileau & Bertrandt, Rayne, for defendant-appellant.
Jack D. Miller, Asst. Dist. Atty., Crowley, for plaintiff-appellee.
Before GUIDRY, LABORDE and KNOLL, JJ.
KNOLL, Judge.
The defendant, Arthur Dwayne Johnson, aka Arthur Hogan, was convicted by a unanimous jury of twelve, on June 9, 1983 of armed robbery, a violation of LSA-R.S. 14:64. On August 31, 1983, defendant was sentenced to serve a term of thirty-five years at hard labor, without benefit of parole, probation or suspension of sentence. Defendant relies upon four assignments of errors for a reversal of his conviction and sentence. Assignments of errors five, six and seven have not been briefed nor argued, therefore are abandoned. State v. Howard, 443 So.2d 632 (La.App. 3rd Cir. 1983), writ denied 444 So.2d 1215 (La.1984).

FACTS
On May 21, 1982 at approximately 10:00 p.m., defendant and his accomplice, James Isaac, entered Church's Fried Chicken in *1304 Crowley and placed an order with Leslie Johnson (hereafter Leslie), an employee. Unbeknown to defendant and Isaac, another employee, Kelly Nelson, (hereafter Kelly) was in the back cleaning the restrooms in preparation for closing the short order restaurant. Shortly after the order was placed, Isaac came over the counter, grabbed Leslie by the shirt collar, put a mini-size butcher knife to his face and said: "Give me the money or I'll kill you." Defendant was standing on the side and said: "Be cool. Just give him the money, and he won't kill you." Leslie agreed but was so frightened he could not open the cash register. Defendant then asked Leslie if he was alone. Leslie told the defendant that the assistant manager was in the back cleaning the restrooms. Defendant headed for the back by walking on top of the tables. Kelly heard Leslie pleading for his life, and started coming to the front. The defendant grabbed Kelly by his shirt, pulled out a small butcher knife and demanded money or he (defendant) would kill his friend (Leslie). Kelly got the keys to open the two cash registers while defendant held a knife to Kelly's back.
As Kelly was being accosted by defendant, a struggle ensued between Leslie and Isaac, resulting in Isaac receiving a cut to his hand. After the struggle, defendant grabbed Leslie from the back. Kelly opened his cash register, then Leslie was able to open his cash register. Defendant and Isaac took money from the cash registers and a small metal box that contained large bills. The defendant told Leslie and Kelly: "Don't be a hero. Hit the floor and don't look up." The defendant and Isaac fled with $510.

ASSIGNMENT OF ERROR ONE
The defendant complains that the trial court erred in excusing prospective juror Albert Bouillon without proper cause or objection.
The trial court took a roll call of the prospective jurors prior to voir dire examination. When Albert Bouillon's name was called, he was absent. The clerk mentioned that Mr. Bouillon was a deputy sheriff. The trial court then excused Mr. Bouillon from jury duty.
From the outset we note the defendant failed to object. LSA-C.Cr.P. Art. 841 requires that defendant make a contemporaneous objection and state the reason therefor to allow the trial judge the opportunity to rule on it and prevent or cure error. State v. Herrod, 412 So.2d 564 (La.1982); State v. Hebert, 443 So.2d 613 (La.App. 3rd Cir.1983), writ denied 444 So.2d 1215 (La.1984).
This assignment of error is therefore without merit.

ASSIGNMENTS OF ERRORS TWO AND THREE
Defendant contends the trial court erred in failing to excuse for cause Mr. Lee Boudreaux, Mr. Samuel Boudreaux, Mrs. Menard and Mrs. Sarver. Although Mr. Samuel Boudreaux is named in the assignment of error, defendant did not brief nor argue this issue, therefore, the complaint as to Mr. Samuel Boudreaux is abandoned. Howard, supra.
Before a defendant can complain that the trial judge denied a challenge for cause of a prospective juror, defendant must have used all of his peremptory challenges. LSA-C.Cr.P. Art. 800; State v. Sugar, 408 So.2d 1329 (La.1982). In the instant case, defendant exercised all of his peremptory challenges, therefore these issues are properly before us.
A trial judge is vested with broad discretion in ruling on a challenge for cause and his ruling will not be disturbed on appeal absent a showing of abuse of that discretion. Sugar, supra.
Mr. Lee Boudreaux testified on voir dire examination that he had known the assistant district attorney a long time. Mr. Boudreaux had been a radio announcer for many years and in this capacity, had occasions to speak to the assistant district attorney concerning criminal trials. On one occasion, Mr. Boudreaux testified at a hearing *1305 on a motion for change of venue. He testified that he did not know anything about the present case and that his acquaintance with the assistant district attorney would not affect his impartiality. The trial judge found that Mr. Boudreaux's relationship with the assistant district attorney was not such that it would be prejudicial to the defendant. The record is void of any showing of an abuse of the wide discretion permitted the trial judge. This assignment of error is without merit.
The defendant complains that the trial court erred in failing to excuse for cause Mrs. Sarver and Mrs. Menard based on their relationship with the assistant district attorney, thus necessitating defendant to exercise two peremptory challenges.
Mrs. Sarver was a receptionist for approximately one year and nine months for a law firm where the assistant district attorney maintained a private practice. She was no longer employed by the firm when the instant case was tried. She testified that her relationship with the assistant district attorney would not interfere with her ability to be fair and impartial.
Mrs. Menard testified she knew the assistant district attorney and his family for a long time. Two of her sons were prosecuted by the assistant district attorney and were found guilty. Further, she was related to the Sheriff of Acadia Parish.
The trial judge determined that both Mrs. Sarver and Mrs. Menard would be fair and impartial jurors and they would not let their knowledge of the assistant district attorney interfere with their judgment. There is no showing of an abuse of the trial judge's discretion. This assignment of error is without merit.

ASSIGNMENT OF ERROR FOUR
The defendant challenges the incourt identification of the defendant by the witness, Kelly Nelson, on the basis that it was tainted by a photographic line up that contained two photos of the defendant.
Again we note the defendant failed to make any objection to the in-court identification. For the reasons discussed in assignment of error one, we find this assignment of error is without merit.

DECREE
For the foregoing reasons, the conviction and sentence of the defendant, Arthur Dwayne Johnson, aka Arthur Hogan, is affirmed.
AFFIRMED.