GAUDIN, Judge.
Allan C. Mancino was convicted of armed robbery in the 24th Judicial District Court and sentenced to 45 years at hard labor without benefit of parole, probation or suspension of sentence.
A 12-person jury found Mancino guilty of robbing, while armed with a pistol, the Homeseekers Savings and Loan on Veterans Boulevard in Metairie on October 30, 1978. On March 4, 1985, he was granted an out-of-time appeal.
Mancino argues that the trial judge erred in denying (1) his motion to suppress his identification and (2) his motion to suppress his confession.
Finding neither reversible error nor any error patent, we affirm appellant’s conviction and sentence.
ASSIGNMENT NO. 1
In this assignment of error, Mancino asks this Court to remand to the district court for a hearing to determine whether the in-court identification of appellant by Mrs. Doris Landry was the result of illegal suggestion in the identification procedure. There is nothing in the record to justify such a remand.
At a preliminary hearing on January 18, 1979, detective Martin Childs testified that he had participated in the investigation of the subject crime; that two employees, Mrs. Landry and Mrs. Dorothy Markey, were in the homestead when it was robbed; and that both had positively identified Man-cino from photographic lineups. Detective Childs described the five-photograph lineup involving Mrs. Markey during his direct examination, and under cross-examination *552 he was asked by Mancino’s counsel about the second woman employee. The detective then said that the other person was “Doris Landry” and that she had also picked Mancino’s photo from a five-picture presentation.
Subsequent to this hearing, Mancino filed a motion to suppress his identification and a confession he had made. On April 3, 1979, the motions were heard jointly and the prosecution called Detective Childs, who testified that he had shown five photographs to Mrs. Markey and that he did not “... do anything to suggest to Mrs. Mar-key which photograph she should identify.” Mrs. Markey, the police officer said, identified Mancino’s photograph and “... she picked it out right away.”
Mrs. Landry was not called either by the State or the defense at the motion to suppress although the fact that she had selected appellant from a photographic lineup had clearly been revealed at the January 18, 1979 preliminary examination.
The trial judge, in denying the motion to suppress the identification, found that the identification ...” of Mancino by Mrs. Markey “... did not contain suggestion or other illegal methods.”
At Mancino’s trial in April, 1979, Detective Childs reiterated his previous testimony. Mrs. Landry made an in-court identification and she also testified that earlier she had selected Mancino’s photograph from a five-picture lineup.
Defense counsel did not object to the in-court identification by Mrs. Landry and only now, on appeal, is it suggested that the in-court identification was the result of illegal suggestion in the before-trial identification procedure. Absent a contemporaneous objection, any error in allowing an in-court identification is not reviewable on appeal. See State v. Wright, 410 So.2d 1092 (La.1982), and LSA-C.Cr.P. art. 841, which reads in pertinent part:
“An irregularity or error cannot be availed of after verdict unless it was objected to at the time of the occurrence.”
Also see State v. Johnson, 452 So.2d 1302 (La.App. 3rd Cir.1984), wherein it is stated:
“The defendant challenges the in-court identification of the defendant by the witness, Kelly Nelson, on the basis that it was tainted by a photographic lineup that contained two photos of the defendant.
“Again we note the defendant failed to make any objection to the in-court identification. For the reasons discussed in assignment of error one, we find this assignment of error is without merit.”
Nonetheless, we note that Mancino knew who Mrs. Landry was and he could have called her on April 3, 1979. A defendant attempting to suppress a photographic lineup had the burden of proving improper suggestion. See State v. Prudholm, 446 So.2d 729 (La.1984), and LSA-C.Cr.P. art. 703(D).
Also, Mancino could have moved to suppress Mrs. Landry’s identification during the trial if he was in fact surprised by Mrs. Landry’s testimony. In carefully reviewing Mrs. Landry’s testimony, however, along with that of Detective Childs, we do not find any prior illegal suggestion or impropriety that might have tainted Mrs. Landry’s in-court identification.
ASSIGNMENT NO. 2
Mancino contends that he did not commit the armed robbery but that he signed the confession so that his girlfriend would not also be charged. He testified that detective Robert Mason placed the written confession in front of him and said, “Sign these and your old lady goes free.”
Mason denied threatening Mancino or promising him anything before he (appellant) signed a waiver of rights form and then the confession. Mason said that Man-cino’s girlfriend was also a suspect, but the police officer added:
“In regard to the female, I advised Mr. Mancino that if it was determined that she was not involved in the incident that she would be turned loose and if it was determined that she was involved, she was going to be arrested and charged.” (Underlining provided.)
*553 The trial court’s conclusions on the credibility and weight of testimony relating to the voluntariness of a confession for the purpose of admissibility is given great weight, and its decision will not be overturned on appeal unless it is not supported by the evidence. See State v. Terracina, 430 So.2d 64 (La.1983); State v. Narcisse, 426 So.2d 118 (La.1983), writs denied 464 U.S. 865, 104 S.Ct. 202, 78 L.Ed.2d 176; and State v. Brown, 445 So.2d 456 (La.App. 5th Cir.1984).
Here, the testimony of Detective Mason is supported by that of Detective Childs, and we cannot say the trial judge erred in concluding that the State had rebutted Mancino’s allegations. The trial judge denied appellant’s motion to suppress the confession on April 3, 1979; and he (the trial judge) permitted the confession to be introduced at trial.
Other than Mancino’s totally uncorroborated testimony, there is nothing in the record indicating that his confession was not free and voluntary.
Mancino was afforded a preliminary examination and an opportunity to suppress his identification and the confession he made, and he was given a fair trial. We affirm his conviction and his 45-year sentence.
AFFIRMED.