BARRY, Judge.
A jury found Alexander Anthony[1] guilty of distribution of cocaine, La.R.S. 40:967, and he was sentenced to ten years at hard labor. The only issues are whether the prosecutor’s remarks during voir dire and closing argument were inflammatory and reversible error. We affirm.
Anthony was arrested as the result of an undercover operation by narcotics officers. At approximately 1 a.m. on April 22, 1989 Officers Beckmeyer and Crescioni were cruising the 5900 block of Law St. in an unmarked van. Beckmeyer drove while Crescioni hid in the back. The van had tinted windows so that the officers could see out without being seen. Anthony was walking with a female and motioned for Beckmeyer to stop. Beckmeyer indicated that he would drive around the block and return. Crescioni radioed a description of Anthony and the female to backup officers who were nearby.
Beckmeyer drove around the block and Anthony again motioned for him to pull over. Beckmeyer complied and Anthony offered to sell Beckmeyer a “rock” of crack cocaine for $20.00. Beckmeyer purchased the cocaine with a marked twenty dollar bill. After the undercover officers drove away Crescioni notified the backup team to make the arrest.
Uniformed Officers Bardy and Harrison were in a marked car. They testified that as soon as Anthony saw them he placed something in his mouth and began swallowing. Officer Crescioni returned to the scene and identified Anthony as the man who sold the crack to Beckmeyer. The marked twenty dollar bill was removed from Anthony’s pocket. He had no drugs in his possession. The “rock” sold to Beck-meyer tested positive for cocaine.
Anthony claims that a mistrial should have been granted because during voir dire and closing argument the prosecutor made inflammatory references to drugs being a plague on society.
During voir dire the prosecutor asked whether any prospective juror had been the victim of a property crime committed by a person who was on drugs or who needed money to buy drugs. Anthony argues that this question characterized all property crimes as drug related. That contention is unsupported by the record. The transcript shows that the question was asked to determine whether a prospective juror would be biased when considering the evidence. The trial court correctly denied the motion for mistrial.
Anthony also argues that the prosecutor’s statements to the jury during clos *407 ing argument were inflammatory. The prosecutor referred to the defendant as follows:
Can you look him in the face and say you lied? Sure, I can do it, anybody can do it because he is a liar. He’s a drug dealer. He sells death, he sells misery, he sells it to his neighbors, children—
The trial court sustained the defense’s objection and admonished the jury to disregard the remarks. C.Cr.P. Art. 771.
C.Cr.P. Art. 774 provides in pertinent part:
The argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case.
The argument shall not appeal to prejudice.
The prosecutor’s remarks exceeded the permissible scope of Art. 774 by referring to facts not in evidence. A prosecutor may not turn a closing argument into a plebiscite on crime. State v. Sugar, 408 So.2d 1329 (La.1982).
A mistrial is a drastic remedy. Unless a mistrial is mandated by C.Cr.P. Art. 770, it is left to the sound discretion of the trial judge and is warranted only if the defendant is substantially prejudiced and did not receive a fair trial. State v. Jarman, 445 So.2d 1184 (La.1984). An improper closing remark is not sufficient to overturn a conviction unless the reviewing court is convinced that the remark influenced the jury and contributed to the verdict. Jarman, supra; State v. Messer, 408 So.2d 1354 (La.1982); State v. Dupre, 408 So.2d 1229 (La.1982).
The prosecutor’s argument was improper and the trial judge properly admonished the jury. The remarks were not prejudicial to the extent that they could have substantially influenced the jury. The evidence clearly established the defendant’s guilt beyond a reasonable doubt.
AFFIRMED.

. Alexander Anthony was referred to as Anthony Alexander.